## C. C. BLAIR v. CLAUDE ESPELAND.[1]

June 30, 1950.

No. 35,199.

---

[1]Reported in 43 N. W. (2d) 274.

*Hunt, Palmer & Hood,* for appellant.

*Gillette, Nye, Montague, Sullivan & Atmore* and *Richard Hastings,* for respondent.

MAGNEY, JUSTICE.

In an action for contribution, defendant appeals from an order striking certain paragraphs of his answer.

On January 11, 1949, the automobiles of plaintiff and defendant collided in a Duluth, Minnesota, street intersection. For injuries received, three passengers in defendant's car brought suit against plaintiff and his wife, which resulted in judgments totaling $4,354.95. The judgments were paid, and plaintiff brought this action seeking contribution from defendant for one-half the amount so paid to satisfy the judgments.

In his answer, defendant denied negligence and alleged that at the time of the accident plaintiff was protected by a liability insurance policy, and that under its terms, in the event of any payment under the policy, the insurer would be subrogated to all the insured's rights to recovery. The answer further alleged that plaintiff's insurer paid the judgments above described and that by reason thereof the insurer was and, is the real party in interest and the sole owner of plaintiff's alleged cause of action. The court struck as

irrelevant, immaterial, and sham paragraphs 5 and 6 of the answer which contained the above allegations.

In an affidavit supporting plaintiff's motion to strike, it is set out that plaintiff paid the judgments with his own personal check; that the money which paid these judgments was furnished by plaintiff's insurer under a loan receipt agreement with plaintiff; that under the terms of the loan receipt the loan was repayable only to the extent of any net recovery plaintiff might have against any party because of the collision, plaintiff pledging as security for such repayment any amount he might recover in such suit; that no interest would be required of plaintiff on said loan; and that plaintiff would prosecute such suit with due diligence at the expense and under the exclusive direction and control of the insurer. In a counteraffidavit submitted by defendant, it is set out that the policy in question contains no provision authorizing loans from the insurance company to plaintiff or requiring the insured to execute any loan receipts as an alternative to the duty of the company to pay, and that affiant believed the purported loan to be a device intended to cloak the real payment of the judgments by plaintiff's insurer.

■ If the loss of an insured is fully covered by insurance and the insurer has compensated insured for the loss, the insurer is subrogated to any rights insured may have had against a third party because of the loss. In such case, the insurer is the real party in interest and must bring suit in its own name under the real-party-in-interest statute. Flor v. Buck, 189 Minn. 131, 248 N. W. 743; 29 Am. Jur., Insurance, § 1357.

■ If insured retains some interest in the cause of action, the suit may be brought in his name. If he makes a recovery, he has the right to reimburse himself for his loss and expenses and then hold the balance of his recovery in trust for the insurer. Solberg v. Minneapolis Willys-Knight Co. 177 Minn. 10, 224 N. W. 271; Flor v. Buck, *supra;* Hayward v. State Farm Mut. Auto. Ins. Co. 212 Minn. 500, 4 N. W. (2d) 316, 140 A. L. R. 1236. Since no portion of the contribution which insured is attempting to recover in the instant case will be retained for his benefit, his insurer is the real party in in-

terest, and the action must be brought in its name, unless the "loan receipt" agreement operates otherwise to vary the rule. The question for our determination is the validity and effect of a loan receipt or agreement between insured and insurer for a loan repayable to the extent of recovery from the other person causing loss.

■ Defendant contends, upon facts as to which there is no dispute, that upon the payment of the judgments above referred to plaintiff's insurer was subrogated to the cause of action against defendant; that, being the sole real party in interest, the action must be brought in its name; and that what was actually done in satisfaction of the judgments amounted to payment by insurer. Defendant contends that the "loan receipt" agreement was merely a colorable device to conceal the real nature of the transaction.

Defendant has a statutory right to have the cause of action against him prosecuted by the real party in interest. M. S. A. 540.02. In McGuigan v. Allen, 165 Minn. 390, 395, 206 N. W. 714, 715, the purpose of this requirement is stated thus:

"* * * The purpose of the statute, * * * is to save a defendant against whom a judgment may be obtained from further vexation at the hands of other claimants of the same demand. If a judgment in favor of the plaintiff when satisfied by defendant will protect him from future annoyance or loss, and where, as against the party suing, defendant can urge any defenses he could make against the real owner of the claim, then there is an end of defendant's concern, for, so far as he is interested, the action is being prosecuted in the name of the real party in interest. * * * A judgment for plaintiff will be a bar to other suits to enforce defendant's alleged legal liability for the death of plaintiff's intestate and aside from that defendant is not concerned."

In Hayday v. Hammermill Paper Co. 176 Minn. 315, 223 N. W. 614, 63 A. L. R. 210, we held that an assignment of a cause of action without consideration and for the purpose of putting the right to sue in a citizen of the state of the defendant's residence so as to deprive the latter of the right of removal to the federal courts in

the case of a suit in a state court was not a matter of defense, the assignee being the real party in interest. In the course of the opinion, we stated (176 Minn. 318, 223 N. W. 616):

"* * * The accountability of plaintiff to his assignor for the proceeds of the litigation does not diminish or otherwise qualify the legal title to the cause of action vested in him by the assignment nor his resulting right to sue. For the purposes of the real party in interest statute, it is enough for the defendant 'to know that the plaintiff is the party in legal interest, and that a recovery by him will be full protection against another suit by the assignor.' Anderson v. Reardon, 46 Minn. 185, 186, 48 N. W. 777."

We further said (176 Minn. 319, 223 N. W. 616):

"* * * That the transfer was without consideration and its purpose to maneuver defendant out of the right of removal is of no legal consequence. So long as there was an actual transfer its motives will not be gone into."

"Loan receipts" used as a device to permit the contribution action to be brought in the name of the insured rather than in the name of the insurer, who, except for the "loan receipt" agreement, would be the real party in interest, are not new to the law. The leading case often cited to uphold "loan receipts" is Luckenbach v. W. J. McCahan Sugar Ref. Co. 248 U. S. 139, 39 S. Ct. 53, 63 L. ed. 170, 1 A. L. R. 1522. Although the Luckenbach case may not be authority for all that is claimed for it because of the facts peculiar to itself and statements made by the court in its opinion, which facts and statements we shall not detail, nevertheless it is relied upon to support the proposition that the "loan receipt" permits an action to be brought in the name of the insured notwithstanding the real-party-in-interest statute. The courts generally hold that "loan receipts" given by insurance companies are evidences of valid loans and not of payment by the insurer. Late cases to this effect are State Farm Mut. Auto. Ins. Co. v. Hall, 292 Ky. 22, 165 S. W. (2d) 838; Phillips v. Clifton Mfg. Co. 204 S. C. 496, 30 S. E. (2d) 146, 157 A. L. R. 1255; Newco Land Co. v. Martin, 358 Mo. 99, 213

S. W. (2d) 504. Extensive notes covering the subject with the citations of earlier cases are found in 1 A. L. R. 1528, 132 A. L. R. 607, and 157 A. L. R. 1261; 25 Fifth Decennial Dig., Insurance, key No. 606(1)(e), *Loan receipts or agreements.*

The intent of the parties to the "loan receipt" agreement is clear. It was entered into because it enables the insured to bring the action in his own name and permits the insurer, who will benefit if a recovery is had, to remain hidden from view. The motive in this case is very much the same as in Hayday v. Hammermill Paper Co. 176 Minn. 315, 223 N. W. 614, 63 A. L. R. 210, where the assignment moving from assignor to assignee without any consideration permitted the assignee to bring the action in his own name, although the real beneficiary was the assignor. We there said that, so long as there was an actual transfer, the motives of the transfer would not be gone into.

The insurer here is of the opinion, whether justifiably so or not, that its chances for recovery against an individual in an action for contribution are far less than if the action were brought in the name of an individual. As every car owner is required to carry liability insurance, it is fair to assume that defendant's insurer is the real party in interest in the defense of this action, and is not under the assumed disadvantage of having to appear under its own name. In Hayward v. State Farm Mut. Auto. Ins. Co. 212 Minn. 500, 505, 4 N. W. (2d) 316, 319, 140 A. L. R. 1236, we presumed that, "For strategic reasons, plaintiff's counsel probably wanted no insurance company apparent on their side of the case." So here, for strategic reasons, plaintiff's insurer prefers not to have its name appear as a party litigant, and for the same reason defendant's insurer prefers to have it appear.

We see no reason why defendant should be concerned with the arrangement between insured and insurer. A judgment in this case against him would be a protection against another suit by plaintiff's insurer, as plaintiff is the party in legal interest. The arrangement between plaintiff and his insurer cannot affect defendant financially. Therefore, he need not be concerned. There is no danger

of more than one recovery. There seems, therfore, to be no legal basis for defendant's objections to the "loan receipt" agreement. Where defendant is not legally affected, he cannot interfere with the freedom of plaintiff and his insurer to contract, through the device of a "loan receipt" agreement, that the title to the cause of action against a wrongdoer reside wherever they determine by their agreement. In our opinion, since we could see no legal objection to the assignment in the Hayday v. Hammermill Paper Co. case, 176 Minn. 315, 223 N. W. 614, 63 A. L. R. 210, *supra,* there is no legal basis for holding the "loan receipt" agreement in the instant case less effective. The allegations in paragraphs 5 and 6 of the answer present no issue for trial. Defendant cites language in City of Red Wing v. Eichinger, 163 Minn. 54, 203 N. W. 622, as authority for his position. As there was no transfer to the city in that case of the right to bring action, as in effect was done here by the "loan receipt" agreement, the ordinary rules covering subrogation did apply. The city carried compensation insurance. The insured paid the loss in full. Nothing further appears. In an action by the city against a negligent third party who caused the injury, the court held that the insurer was the real party in interest.

■ The court also struck paragraph 8 of defendant's answer, wherein he alleged that the American Automobile Insurance Company of St. Louis, Missouri, plaintiff's insurer, paid the claims of defendant and members of his family for injuries which they received in the collision and "thereby admitted that no common burden or obligation rested on the parties to this action." The court in its memorandum, which, by the way, has been very helpful on all questions involved in this action, states that the allegation of paragraph 8 "is only evidence on the question of liability which can be offered on the trial though not pleaded. Whether it is proper evidence and admissible and how it can be shown are questions that the trial court will have to pass upon. Being evidentiary only, and possibly harmful to plaintiff if remaining in the pleading and not finally held admissible, they should be stricken." The action is properly for trial by a jury. If in defendant's opening statement

to the jury he should refer to this paragraph as an admission on the part of plaintiff that he alone was responsible for the collision, and it should later develop that in the receipts and releases taken in the settlement of these claims it was specifically recited that the sums paid were paid with an agreement that liability on the part of plaintiff was expressly denied, and contained the provision, "it being understood and agreed that the acceptance of said sum is in full accord and satisfaction of a disputed claim and that the payment of said sum is not an admission of liability," as set out in the affidavit in support of the motion to strike, it is apparent that plaintiff would be prejudiced thereby. In our opinion, the court properly struck the offending paragraph.

Order affirmed.

MR. JUSTICE THEODORE CHRISTIANSON, not having been a member of the court at the time of the argument and submission, took no part in the consideration or decision of this case.

