CONNAR, Plaintiff and Respondent, v. WEST SHORE EQUIPMENT of MILWAUKEE, INC., Defendant and Respondent: MELROE COMPANY, Defendant and Appellant.

*No. 308. Argued March 3, 1975.—Decided April 10, 1975.*
(Also reported in 227 N. W. 2d 660.)

For the appellant there was a brief by *James P. Brennan* and *Simarski, Goodrich, Brennan & Stack,* all of Milwaukee, and oral argument by *James P. Brennan.*

For the plaintiff-respondent there was a brief and oral argument by *Richard J. Steinberg* of Milwaukee.

HEFFERNAN, J. The question presented on appeal is whether it was error to exclude from the special verdict a question relating to the negligence of the employer, when the employer was not a party to the negligence action and could not be liable by reason of the exclusivity of the workmen's compensation remedy.

The trial judge erred in failing to grant the request of the two party-defendants to include the question of the employer's negligence in the proposed jury's verdict. We reverse and remand for a new trial.

Edward C. Connar was employed by the Druml Company when, on June 10, 1969, he was killed during the course of his employment.

The record shows that, at the time, Connar was engaged in spreading gravel on the floor of an underground box sewer, having a height of approximately six feet. Just prior to his death, according to his foreman, Evert

Kamuchey, who was working with him, Connar was operating a small Melroe Bobcat front-end loader. Kamuchey announced that it was lunchtime and left the construction site. When he returned, he found Connar hanging suspended from the arm of the Bobcat with his head pinned against the ceiling of the box sewer. Connar was pronounced dead on arrival at a local hospital.

A workmen's compensation award was apparently made prior to the commencement of this lawsuit. An action for wrongful death was brought by the widow of Edward C. Connar against Melroe Company, the manufacturer of the Bobcat, and West Shore Equipment of Milwaukee, Inc., the distributor which sold the machine.

The cause of action against Melroe was based upon an allegation that the Bobcat was unsafe. The action against West Shore was based on the alleged failure of West Shore to warn of the dangerousness of the vehicle and failure to equip it with available safety devices.

Prior to submission to the jury, both defendants requested that the pleadings be amended to allege the negligence of the employer, Druml, and also requested that the jury be directed to consider the proportion of Druml's negligence when apportioning the negligence. These requests were refused.

The jury returned a verdict apportioning 34 percent to the deceased Connar, 25 percent to West Shore, and 41 percent to Melroe.

Judgment was entered for Loretta Connar, the wife of the deceased. That judgment dismissed the complaint against West Shore, and adjudged damages against Melroe. The amount was computed by reducing the total damages by the percentage of negligence (34 percent) attributable to Connar.

Melroe has appealed, claiming that it was prejudicial error to fail to ask the jury to consider the negligence of Druml, the employer. That it was error to fail to make the inquiry of the jury is clear. It is established without doubt that, when apportioning negligence, a jury must

have the opportunity to consider the negligence of all parties to the transaction, whether or not they be parties to the lawsuit and whether or not they can be liable to the plaintiff or to the other tort-feasors either by operation of law or because of a prior release.

Only one question must be affirmatively answered by the trial judge before submitting a negligence question to the jury: Is there evidence of conduct which, if believed by the jury, would constitute negligence on the part of the person or other legal entity inquired about.

At the requested special-verdict-stage of a lawsuit, it is immaterial that the entity is not a party or is immune from further liability. As pointed out in *Pierringer v. Hoger* (1963), 21 Wis. 2d 182, 124 N. W. 2d 106, and *Payne v. Bilco Co.* (1972), 54 Wis. 2d 424, 195 N. W. 2d 641, the apportionment must include all whose negligence may have contributed to the arising of the cause of action.

In *Pierringer,* pages 191, 192, we said, referring to a situation where all but one alleged tort-feasor had been released and the negligence of the nonsettling tort-feasor remained:

"[S]uch percentage of negligence can only be determined by a proper allocation of all the causal negligence, if any, of all the joint tort-feasors and of the plaintiff if contributory negligence is involved."

In *Pierringer,* we held that the failure to include settling tort-feasors in the verdict would be prejudicial to the remaining nonsettling defendant.

In *Payne v. Bilco, supra,* the question arose of the propriety of having included settling tort-feasors and the employer, who could sustain no liability in a tort action, in the special verdict question. We held not only that they were properly included but that it would have been error to exclude them.

"The failure to include the settling tortfeasors and the employer Blackhawk would necessarily have been prejudicial to Bilco and Mitchell [the two party-defend-

ants]. It was immaterial in the context of this case and nonprejudicial to the plaintiff whether or not his complaint was amended and the settling parties dismissed, because, in any event, *it was necessary that all the alleged tortfeasors be included in the special verdict for comparison purposes.*" (Emphasis supplied.) *Payne, supra,* pages 431, 432.

The court committed error in failing to include a question that asked the jury to consider the possible negligence of Druml.

We need not detail the evidence adduced that would tend to show some negligence on Druml. There was evidence, however, that Connar was not properly instructed on safety rules by Druml or its agents and that Druml had negligently failed to install available safety devices to protect Connar and other employees who might be using the Bobcat.

It is argued that the failure to include the question of Druml's negligence, though error, was not prejudicial. The rationale is that, were the jury properly instructed, they would presumptively return a verdict which would reflect the same ratio of negligence in respect to Melroe, West Shore, and Connar, *i.e.,* that West Shore would still be excluded, and the effect of having an additional defendant would probably increase the liability of Melroe, because of the possibility that a lesser percentage of negligence would be apportioned to Connar. While there may well be cases in which a future jury can be presumed to return a verdict consistent with the verdict which has been set aside, we cannot so presume in this case. There was evidence of record which reflected the jury's desire to make quite a different apportionment of negligence were Druml included.

We conclude that Melroe has satisfied its burden of showing that the error was prejudicial. Accordingly, the judgment is reversed, and the cause remanded for further proceedings consistent with this opinion.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings consistent with this opinion.