Richard C. LINES, Appellant,

v.

Michael RYAN, Respondent.

Sondra JONES, Respondent,

v.

Michael RYAN, Respondent,

and

Richard C. Lines, Appellant.

No. 48031.

Supreme Court of Minnesota.

Nov. 24, 1978.

Charles Anderson, Minneapolis, for appellant.

Sondra Jones, pro se.

Peterson, Holtze & Treat and Todd M. Henshaw, Minneapolis, for respondent Michael Ryan.

Heard before KELLY, SCOTT, and WAHL, JJ., and considered and decided by the court en banc.

SCOTT, Justice.

This appeal involves two cases arising out of a three-vehicle accident that were consolidated for trial in the Hennepin County District Court. In *Lines v. Ryan,* the jury returned a verdict denying recovery to Lines, and in *Jones v. Lines* and *Ryan,* the jury awarded Jones damages against Lines and Ryan in the amount of $8,000. Lines appeals from the order refusing his post-trial motions and claims that the trial court erred in denying him a new trial. We affirm.

On October 15, 1973, at approximately 8:30 p. m., the parties were involved in a three-car collision[1] in the middle southbound lane of Interstate 35W near the 60th Street exit. Just south of the accident site, Highway 35W intersects with Highway 62. The two right lanes of 35W exit to 62 West, and the left lane of 35W exits to 62 East.

The right-hand lane of 62 West was closed due to construction, causing the traffic to slow. Jones, the driver of the first car, testified that as a result of the construction she was forced to stop or almost stop her vehicle. Lines, driving the second car, then struck Jones' vehicle from the rear. At some point in the collision, Lines' car was hit from behind by a vehicle driven by Ryan. Ryan stated that he struck Lines' car after Lines ran into Jones' vehicle. Similarly, Jones testified that Lines' automobile hit her vehicle first and that she felt a second impact when Lines' car was struck by Ryan. Lines, however, claims that before he hit Jones his car was rear-ended by Ryan, causing the vehicle to be pushed into the back of Jones' car.

Other facts of the accident are also disputed. For example, Jones testified that Lines had been tailgating her car for a distance of ½ to 1 mile before the accident, whereas Lines stated that he was following Jones' vehicle for a distance of ¼ to ½ mile before the collision. Ryan, on the other hand, claimed that Lines' vehicle switched into the lane between his car and Jones' just prior to the accident.

After the accident, Jones consulted with an attorney to determine whether she would be able to make a recovery for her injuries incurred in the collision. After being informed that Lines was uninsured and not gainfully employed, Jones decided not to proceed against Lines, but instead to make a claim against her own insurer, State Farm Insurance Company (State Farm), under her uninsured motorist coverage. Jones negotiated on her own with State Farm and on February 18, 1974, settled for $4,000. Upon receipt of State Farm's payment, Jones executed a release and subrogation trust agreement.

On May 10, 1974, Lines brought suit against Ryan, who, like Jones, was insured by State Farm. The law firm of Peterson,

---

1. It should be noted that this accident occurred before the enactment of L.1974, c. 408, cited as the "Minnesota no-fault automobile insurance act," applicable to accidents occurring after January 1, 1975.

Holtze, and Treat, P. A., at the request of State Farm, undertook the defense of Ryan. Also at the request of State Farm, and pursuant to the release and subrogation trust agreement executed by Jones, the Peterson law firm, on November 20, 1974, commenced an action in Jones' name against Lines. The complaint prayed for damages in the amount of $25,000. Jones had no knowledge that the action had been instituted in her name.

On April 28, 1976, Ryan moved the court to consolidate the *Lines v. Ryan* case with the *Jones v. Lines* action. The motion was granted. Lines did not make an appearance when the motion to consolidate the two cases was heard, nor did he object to the consolidation or move to vacate the judge's order until the jury verdict was returned. At the hearing on the motion to consolidate, the judge suggested that different law firms represent Jones and Ryan, due to the apparent conflict of interests. Thereafter, Paul Heim of the law firm of Hamilton, Flynn & Heim was substituted as counsel for Jones, and represented her at trial. Heim was associated with the Peterson law firm at the time it undertook the representation of Jones and Ryan.

The trial of this matter was commenced on January 3, 1977. At the beginning of the third day of trial, on January 5, 1977, Jones moved to amend her complaint to add Ryan as a defendant in the *Jones v. Lines* action. Jones' motion was granted, and then Ryan cross-claimed against Lines for contribution and indemnity.

On January 10, 1977, the jury returned a verdict finding Jones to be free of negligence in the operation of her vehicle. The jury determined that Lines was negligent, and that such negligence was a direct cause of 60 percent of his own injuries and 60 percent of the damages sustained by Jones. Ryan was found to be 40 percent responsible for the injuries incurred by Lines and 40 percent responsible for Jones' damages.

Damages were set at $8,000 for Jones and $30,000 for Lines.[2]

The following issues are presented in this case:

(1) Did the trial court err in allowing Ryan to testify regarding an improper lane change when that claim of negligence was not included in Ryan's statement of the case?

(2) Did the trial court err in refusing to admit into evidence the statements of the case filed by Ryan and Jones?

(3) Should the negligence of a person not a party to the litigation be compared with the negligence of the parties?

(4) Is State Farm the real party-in-interest in the *Jones v. Lines* lawsuit?

(5) Was State Farm authorized to bring an action, in Jones' name, for an amount in excess of the $4,000 State Farm paid Jones?

(6) Was Lines prejudiced by alleged party misconduct?

(7) Did the district court err in consolidating the two actions for trial?

 1. Rule 28, Special Rules for Fourth Judicial District (Rule 28), states that a case will not be assigned a ready-for-trial status until a written statement of the case and a Note of Issue—Readiness for Trial have been served and filed in the form provided for by Rule 28. The form of the statement of case is set out in Rule 28E, which requires, in pertinent part, that each party include:

"* * * * *

"d. A concise statement of the party's version of the facts of the case including, in accident cases, the date and hour of accident, its location, a brief description of how it occurred and, where appropriate, a simple sketch showing manner of occurrence.

* * * * * *

---

2. On August 16, 1978, Jones informed this court that she had received $8,000 from Ryan on July 1, 1977, in satisfaction of the district court judgment. Accordingly, she did not participate in this appeal.

"f. In accident cases all claims of negligence, contributory negligence or assumption of risk, giving claimed statutory violations by statute number. In other cases, a brief summary of party's claims.

\* \* \* \* \* "

The statement of the case filed by Ryan reads, in relevant part, as follows:

" \* \* \* \* \*

"4. [d] On Monday, October 15, 1973 at approximately 8:30 P.M. parties were involved in a rear end type accident while proceeding south on 35W at or near the point where 35W proceeds to the west and 62nd street Crosstown proceeds to the east.

\* \* \* \* \* \*

"6. [f] Plaintiff was operating his vehicle at an unreasonable rate of speed, failed to keep his vehicle under control, failed to keep a proper look-out and was following too closely."

Lines argues that Ryan should not have been allowed to testify that Lines made a sudden lane change just prior to the accident (evidence which the jury no doubt relied upon in arriving at its decision) because the claim was not included in the pertinent portions of Ryan's statement of the case. Although the statement of the case filed by Ryan does not specifically allege that Lines made an improper lane change, this is not a proper ground for Ryan's testimony to be excluded. As the trial court stated in rejecting Lines' contention:

"Obviously, the statement of the case as to the details of the action are intended for the convenience of the court and also possibly for the information of opposing counsel. However, detailed discovery of an opponent's position obviously should be obtained through written interrogatories or taking the deposition of the opposing party."

We agree with this interpretation of Rule 28 and accordingly reject Lines' contention.[3]

2. Lines argues that if Ryan could testify regarding the lane change, then Ryan's statement of the case should be admissible into evidence as an admission or prior inconsistent statement. Although it is doubtful that the statement of the case is admissible into evidence for these purposes,[4] it is not necessary to reach this issue because the trial court allowed the pertinent portions of the statement of the case to be read to the jury. Thus, in effect, appellant is only challenging the manner in which the evidence was admitted. The document itself was not admitted into evidence because it referred to an insurance company.[5] Consequently, to avoid any unfair prejudice the

---

**3.** To adopt Lines' proposed application of Rule 28 would render the rule invalid. The special rules of the district courts are promulgated pursuant to Rule 83, Rules of Civil Procedure. However, Rule 83 provides that the local rules cannot be "in conflict" with the Rules of Civil Procedure. If Lines' contention were adopted, the statement of the case would, in effect, be a pretrial pleading, requiring that the specific acts of negligence be specially pleaded. This interpretation of the rule is inconsistent with the notice pleading concept embodied in Rule 8, Rules of Civil Procedure, and thus would result in the invalidation of Rule 28. See, *Padovani v. Bruchhausen,* 293 F.2d 546 (2 Cir. 1961).

**4.** As is pointed out by Lines, pleadings are generally admissible into evidence, as admissions or for impeachment purposes, even though they are completed and signed by a party's attorney. *Carlson v. Fredsall,* 228

Minn. 461, 37 N.W.2d 744 (1949). This principle is based on the idea that an attorney has the implied authority to make admissions in formal pleadings. *Id.* However, a statement of the case does not constitute a pleading, see, *Taylor v. Allis-Chalmers Mfg. Co.,* 320 F.Supp. 1381 (E.D.Penn.1969), aff'd 436 F.2d 416 (3 Cir. 1970) (pretrial statement required by local rules found not to be a pleading), and thus it is unlikely that an attorney's authority to make admissions extends to these documents. See, *id.* Consequently, the statement of the case should not be admitted, even partially, into evidence except to correct a clear injustice which would otherwise result.

**5.** The trial court correctly recognized that the fact that defendant is insured is not to be brought to the jury's attention, except in very limited situations. Rule 411, Rules of Evidence; *Collins v. Bridgland,* 296 Minn. 93, 206 N.W.2d 652 (1973).

trial court limited the manner in which the evidence was received. It is well settled that a trial judge is authorized to so restrict the manner in which evidence is admitted, in order to prevent unfair prejudice. See, Rules 102 and 403, Rules of Evidence.[6]

An evidentiary ruling, such as this, is within the sound discretion of the trial court and, accordingly, this court will not reverse unless it clearly appears that there has been an abuse of discretion. See, *Helm v. El Rehbein & Son, Inc.,* Minn., 257 N.W.2d 584 (1977); *E.C.I. Corp. v. G.G.C. Co.,* 306 Minn. 433, 237 N.W.2d 627 (1976). Since there is no showing that the trial court abused its discretion, the evidentiary ruling is affirmed.

At trial Jones testified that she did not suffer any permanent injuries as a result of the accident. However, in her statement of the case, item 8a states that Jones suffered permanent injuries to her neck and lower back. Lines, therefore, sought to introduce Jones' statement of the case as a prior inconsistent statement. The trial court ruled that the document was not admissible, but that the impeaching statement could be read to the jury. Lines now claims that the trial court erred in also refusing to admit this document into evidence. Lines' claim is without merit for the same reasons discussed above relative to the admission of Ryan's statement of the case. Additionally, the other contentions raised by Lines relative to the statement of the case do not entitle him to his requested relief.

Lines' further evidentiary contention is that the trial court erred in not allowing disclosure that Mr. Treat at one time represented both Ryan and Jones. This claim must also be rejected. In ruling against the admission of the evidence in question, the trial court persuasively reasoned:

"The basis of the Court's ruling on that is that Mr. Treat's action, in my judgment * * * was improper in bringing these two cases when he was occupying a somewhat inconsistent position. And that situation has been rectified by the substitution of Mr. Heim as counsel for Miss Jones in this case, so that I don't see how you can smear Mr. Treat in order to any way adversely affect his client Miss Jones—his former client Miss Jones."

The exclusion of the testimony regarding Treat's prior representation of Jones and Ryan was a proper exercise of the trial court's discretion.

3. Lines contends that the trial court erred by instructing the jury, relative to the *Lines v. Ryan* action, to compare Jones' negligence with that of Lines and Ryan because Jones was not a party to the *Lines v. Ryan* case. It is clear, however, that the trial court correctly instructed the jury. This court has recently held, in *Frey v. Snelgrove,* 269 N.W.2d 918 (Minn.1978), that where some, but not all, of the defendants have settled with the plaintiff, the settling defendants' negligence must be submitted to the jury even though they have been dismissed from the lawsuit. As we stated there:

" * * * If there is 'evidence of conduct which, if believed by the jury, would constitute negligence [or fault] on the part of the person * * * inquired about,' the fault or negligence of that party should be submitted to the jury. *Connar v. West Shore Equipment of Milwaukee,* 68 Wis.2d 42, 45, 227 N.W.2d 660, 662 (1975)." 269 N.W.2d 923.

The *Connar* case, *supra,* which was relied upon by this court in *Frey,* further articulates the applicable principle as follows:

" * * * It is established without doubt that, when apportioning negligence, a jury must have the opportunity

---

**6.** It should be noted that the Rules of Evidence were not in effect at the time this matter was tried. However, it has long been recognized that a trial court has broad latitude in the admission of evidence to achieve the ends of justice. See, *Minnesota & Dakota Cattle Co. v. Chicago & N. W. Ry. Co.,* 108 Minn. 470, 122 N.W. 493 (1909).

to consider the negligence of all parties to the transaction, whether or not they be parties to the lawsuit and whether or not they can be liable to the plaintiff or to the other tort-feasors either by operation of law or because of a prior release.

\* \* \* \* \* \*

"At the requested-special-verdict-stage of a lawsuit, it is immaterial that the entity is not a party or is immune from further liability. As pointed out in *Pierringer v. Hoger* (1963), 21 Wis.2d 182, 124 N.W.2d 106, and *Payne v. Bilco Co.* (1972), 54 Wis.2d 424, 195 N.W.2d 641, the apportionment must include all whose negligence may have contributed to the arising of the cause of action." 68 Wis.2d 44, 227 N.W.2d 662.

It should be noted that the Jury Instruction Guides also recognize the above principle. The Comment to JIG II, 148 S, states:

"In submitting the comparative fault question, the court must submit the names of all persons whose conduct could be found to be negligent and contributing as a cause to the plaintiff's injury or to the accident. \* \* \* If the total combined negligence is to equal 100%, then the percentage contribution by all persons whose conduct potentially contributed to the accident or the injury, whether or not a party to the proceeding, must be submitted." 4 Minnesota Practice, Jury Instruction Guides (2 ed.) JIG II, 148 S, Comment.

It is apparent from the above that Lines' contention must be rejected.

4. Lines argues that State Farm is the real party-in-interest in the *Jones v. Lines* lawsuit and thus it was error for the trial court to refuse to require the addition of State Farm as a party to the action. This contention is without merit.

In *Blair v. Espeland*, 231 Minn. 444, 43 N.W.2d 274 (1950), we held that the insurer is the real party-in-interest where it fully reimburses the insured for his loss. If the insured is not completely compensated for his damages, he retains an interest in the action, and thus the lawsuit may be brought in his name. *Blair v. Espeland*, 231 Minn. 446, 43 N.W.2d 276. It is apparent that Jones was not fully compensated for her loss. This is clearly evidenced by the fact that the jury returned a verdict awarding her $8,000, and she only received $4,000 in settlement with State Farm. Therefore, Jones, not State Farm, is the real party-in-interest in this action.

5. Lines claims that State Farm was not authorized to maintain this action, in Jones' name, for an amount greater than the $4,000 State Farm paid Jones. Again, Lines' claim is without merit. The release and subrogation trust agreement[7] signed by Jones on the receipt of her $4,000 payment from State Farm expressly authorized such an action. It reads in part:

"For the consideration aforesaid, and to the extent of any payment made thereunder, the undersigned agrees to hold in trust for the benefit of the Company all rights of recovery which he shall have against any person or organization legally liable for such bodily injuries, and assigns to the Company the proceeds of any settlement with or judgment against such person or organization.

"*The Company is hereby authorized to take any action which may be necessary either in law or in equity in the name of the undersigned against any such person or organization,* and the undersigned covenants and agrees to cooperate fully with the Company in the presentation of such claims and to furnish all papers and documents necessary in such proceedings and to attend court and testify if the Company deems such to be necessary." (Emphasis added.)

---

7. Near the end of the trial, the trial court admitted the release and subrogation trust agreement into evidence as Court's Exhibit 1 (although it was not submitted to the jury). Therefore, the contents of the document are properly considered by this court.

As discussed above, the action is properly brought in Jones' name because State Farm did not fully compensate her for the loss. See, *Blair v. Espeland, supra.*

■■■ 6. Lines also seeks relief on the ground that the instant action is collusive. Lines refers to various factors, such as the representation of Jones and Ryan by the same attorney, to show that collusion existed. However, for Lines to be entitled to a new trial he must show that he was prejudiced by the alleged improprieties of the parties. See, *Wild v. Rarig,* 302 Minn. 419, 234 N.W.2d 775 (1975); *Township Board of Lake Valley Township v. Lewis,* 305 Minn. 488, 234 N.W.2d 815 (1975). Although the manner in which this case was conducted is unfortunate in some respects, Lines is unable to show how he was prejudiced by the alleged improper conduct. As the case stood at trial, Jones and Ryan were represented by separate counsel. Ryan was joined as a defendant in the *Jones v. Lines* action and was found to be responsible for 40 percent of the injuries sustained by Jones and Lines. There is no showing by Lines that the case was not presented fairly to the jury because of the alleged collusion. Consequently, Lines' claim must be rejected.

■■■ 7. Finally, Lines argues that the lower court erred by consolidating the two actions for trial. This issue is not properly raised because Lines made no objection at the time the cases were consolidated for trial nor did he move to vacate the district court's consolidation order until after the jury verdict.[8] However, even if the issue were properly before us, it is clear that the trial court did not abuse its discretion in consolidating the two actions.

Affirmed.

8. Rule 46, Rules of Civil Procedure, requires a party to raise his objection to a court's order at the time it is made. Indeed, a litigant is not normally entitled to remain silent when he believes the court has committed error, and then raise his objection only if the jury returns an unfavorable verdict. See, *State v. Pliam,* 247 Minn. 444, 77 N.W.2d 546 (1956); *Schiro v. Raymond,* 237 Minn. 271, 54 N.W.2d 329 (1952).