SPARTA SPORTSFABRIKK, Appellant,

v.

NORTUR, INC., Respondent.

No. C8–86–2088.

Court of Appeals of Minnesota.

June 9, 1987.

John M. Harvey, Robert M. Gleason, Harvey, Sheehan & Benson, Minneapolis, for appellant.

Maher J. Weinstein, Moss & Barnett, Minneapolis, for respondent.

Heard, considered and decided by NIERENGARTEN, P.J., and PARKER and FOLEY, JJ.

## OPINION

NIERENGARTEN, Judge.

Sparta Sportsfabrikk (Sparta) sued Nor-Tur, Inc. (NorTur) to recover money owed. The trial court ruled in favor of NorTur. Sparta's motion for amended findings or a new trial based on alleged errors at trial in admitting evidence was denied and Sparta appeals. We affirm.

### FACTS

Sparta is a Norwegian corporation which manufactured ski poles. Erling Mathiassen is the president of Sparta and owns ninety-five percent of its stock. In 1975 Sparta and several other Norwegian companies formed an association known as NorTur Norge to sell the members' ski equipment in the United States. The Board of Directors was composed of representatives from each of the member companies plus Per Gundhus, elected at the request of a Norwegian finance company which supplied some funds to the group. NorTur Norge formed NorTur, Inc., a Minnesota corporation, to handle sales in the United States. Goods were delivered by the Norwegian equipment companies (all members of NorTur Norge) and in return they received promissory notes which were eventually paid through sales.

In the fall of 1979 it was apparent that NorTur, Inc. was in financial difficulty. In an effort to continue financing the operation, all the members of NorTur Norge agreed to forgive debts owed by NorTur, Inc. In 1980 the difficulties were still not resolved and further action was required. According to NorTur, Inc., the Board of Directors of NorTur Norge decided that all members of NorTur Norge would again forgive a portion of NorTur Inc.'s indebtedness and the interest on the balance. Sparta claims the plan was discussed but never agreed to by Sparta.

On June 21, 1980, Sparta's factory burned down and Mathiassen testified he no longer considered Sparta a supplier and took no interest in the financial restructuring of NorTur's 1980 fiscal year. Mathiassen testified that he never agreed to for-giveness of any debt. Sparta brought this action to collect $42,610.08 plus interest of 12% per annum. According to NorTur, Sparta agreed to forgive $20,000 of the debt plus waive any interest after June 30, 1980.

To show Sparta's agreement to forgive a portion of the debt owed, NorTur introduced a number of documents, including minutes of NorTur Norge board meetings, a letter from Mathiassen, financial statements of NorTur, Inc., and letters from NorTur, Inc. Mathiassen was notified of all the meetings and received agendas and minutes for all the meetings. Mathiassen attended some of these meetings, and signed minutes for some which approved minutes from other meetings. Sparta objected strenuously to the admission of board minutes on the basis they were produced only two days prior to trial, were not disclosed in any discovery requests, and they were not relevant. The minutes were admitted.

In addition to the claimed evidentiary errors, Sparta claims NorTur, Inc. failed to plead adequately the defense of waiver and failed to file a statement of the case which would have enabled Sparta to prepare adequately for trial. Sparta also maintains that the evidence does not support the conclusion that Sparta agreed to forgive $20,000 plus interest on the balance.

### ISSUES

1. Were the pleadings insufficient to give appellant adequate notice of the issue to be litigated?

2. Did the trial court err in admitting certain documents given to appellant two days prior to trial?

3. Does the evidence support the conclusion that Sparta agreed to forgive part of the debt, including interest?

### ANALYSIS

■ This appeal is brought from a final judgment and an order denying a motion for a new trial. Sparta's motion for a new trial raised the issues of errors in admitting evidence, inadequate pleadings and insuffi-

cient evidence to support the verdict, thus properly preserving them on appeal. On an appeal from judgment this court can view procedural issues and evidentiary rulings as long as timely objections are made at trial and a motion for a new trial is made. *Sauter v. Wasemiller,* 389 N.W.2d 200 (Minn.1986).

**I**

■ Sparta claims that NorTur's answer failed to disclose an affirmative defense of waiver. NorTur's answer to the complaint, stated in part,

> Defendant denies each and every allegation * * *, and alleges that on or about October 28, 1980, *Plaintiff agreed to reduce the principal due * * *,* and *further agreed that no interest was to be charged* from and after June 30, 1980, * * *.

(Emphasis added).

Minnesota Rule of Civil Procedure 8.03 requires that affirmative defenses be pleaded specifically. "Pleadings are to be liberally construed * * *." *Hutton v. Bosiger,* 366 N.W.2d 358, 360 (Minn.Ct.App. 1985), *pet. for rev. denied* (Minn. June 27, 1985). The defendant should know what he is charged with and the plaintiff should have knowledge of the defenses being raised. NorTur's answer clearly raised the issue of whether or not Sparta agreed to forgive part of the principal and waive the interest on the remaining debt.

Sparta claims that NorTur's failure to file a statement of the case constituted an additional failure to indicate its intention to use an affirmative defense which would have triggered additional discovery by Sparta.

> "[T]he statement of the case as to the details of the action are intended for the convenience of the court and also possibly for the information of opposing counsel. However, *detailed discovery of an opponent's position obviously should be obtained through written interrogatories or taking the deposition of the opposing party.*" (emphasis added).

*Lines v. Ryan,* 272 N.W.2d 896, 901 (Minn. 1978).

**II**

■ Sparta claims that its case was severely prejudiced by the introduction at trial of documents which were not produced in response to discovery, and by admission of hearsay evidence. Their objections, based on surprise, focus specifically on NorTur Norge board minutes and the testimony of Levi Ostby. In response to Sparta's interrogatories requesting a list and description of relevant documents, NorTur produced a list of documents and added,

> also, minutes of Board of Directors' meetings of NorTur Norge A/S will be produced once received from Norway.

These minutes were brought from Norway by some of those testifying at trial on the weekend prior to the start of trial. As soon as the minutes were received, copies were made and delivered to Sparta's counsel.

NorTur's interrogatory responses also included a statement by some of the Norwegian witnesses which clearly outlined the steps leading to the agreement at issue. The meetings and minutes are identified and their relevancy is indicated. The documents were not in control of NorTur, but belonged to NorTur Norge. They were turned over as soon as they were available. They were not of such length or complexity as to make them difficult to digest. Several of the people involved with the meetings in question, including Mathiassen and Ostby, were at trial and Sparta had ample opportunity to cross-examine them on the circumstances of the meetings. The purpose of discovery rules is to allow the litigant to prepare for trial free from the elements of surprise. *Gebhard v. Niedzwiecki,* 265 Minn. 471, 476, 122 N.W.2d 110, 114 (1963).

> [F]ailure to suppress is not an abuse of discretion where the opposing party does not seek a continuance and fails to show prejudice from having only brief notice * * *.

*Phelps v. Blomberg Roseville Clinic,* 253 N.W.2d 390, 394 (Minn.1977).

■ Sparta also objected to the testimony of Levi Ostby, with regards to the min-

utes, on the basis of hearsay. *See* Minn.R. Evid. 802. Not all out-of-court statements are hearsay. Rule 801(d)(2) provides:

A statement is not hearsay if

\* \* \* \* \* \*

(2) *Admission by a party-opponent.* The statement is offered against a party and is (A) his own statement, in either his individual or a representative capacity, or (B) a statement of which he has manifested his adoption or belief in its truth \* \* \*.

Mathiassen was a member of the board of NorTur Norge and he either signed the minutes or attended meetings where the minutes were approved without any objection on his part.

In addition, records of regularly conducted business activity are admissible as evidence.

A memorandum, report, record \* \* \* of acts \* \* \* made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the \* \* report \* \* \* as shown by the testimony of the custodian or other qualified witness \* \* \*.

Minn.R.Evid. 803(6). The corporate minutes introduced through the testimony of Mathiassen and Ostby were business records and properly admitted.

### III

The evidence is sufficient to support the trial court's finding that Sparta agreed to forgive a portion of the debt owed by NorTur Inc. plus the interest on the balance from June 1980. The board meeting minutes of NorTur Norge show that the directors discussed the necessity of forgiving some debt and the interest on remaining debt in order to restructure NorTur, Inc.'s net equity. The purpose for the action was to make it possible for NorTur, Inc. to obtain loans. The minutes indicate that two of the directors went to the United States for the purpose of negotiating loans. One of the directors testified that they were authorized to indicate forgive-ness would take place. Mathiassen either attended the meetings or approved the minutes of the meetings.

In November 1980, NorTur, Inc. notified Sparta by letter that its account had been charged for the "agreed forgiveness." Sparta responded with a letter requesting an explanation of how the interest deduction was calculated but made no objection to the charge. At no time, either in the minutes or correspondence after Sparta's account was charged did Mathiassen object to the debt forgiveness or the amount charged to Sparta.

### DECISION
The evidence supports the trial court's finding that Sparta agreed to forgive a portion of the debt plus interest on the balance.

Affirmed.