Argued July 15, affirmed September 23, 1970

DIXSON, *Respondent, v.* JACKSON, *Defendant,*
YAGER ET UX, *Appellants.*

474 P2d 522

*Walter H. Sweek*, Portland, argued the cause for appellants. With him on the briefs were Vergeer, Samuels, Roehr & Sweek, Portland.

*Roger B. Todd*, North Bend, argued the cause for respondent. With him on the brief were Flaxel, Todd & Flaxel, North Bend.

Before O'CONNELL, Chief Justice, and McALLISTER, DENECKE and TONGUE, Justices.

TONGUE, J.

This is an action for personal injuries sustained by plaintiff in a collision between his Honda motorcycle and an automobile operated by defendant Jackson. Defendants Yager were joined as defendants based upon plaintiff's contention that they were negligent in "parking" their pickup truck on the paved portion of the road, with the result that defendant Jackson, in going around the truck, crossed into the left half of the road, where he ran into plaintiff's Honda as it approached.

Defendants Yager appeal from a verdict and judgment in favor of plaintiff and against all defendants in the sum of $53,000 general damages and

$19,375.55 special damages. The sole issue on appeal is whether defendants Yager were entitled to a directed verdict, a judgment n.o.v., or a withdrawal of plaintiff's allegations of negligent parking—all based upon the contention that the pickup truck was not "parked," within the terms of ORS 483.362 (1), as alleged in plaintiff's complaint, but that it was a "disabled vehicle" under ORS 483.362 (3).

ORS 483.362 provides:

(1) "No person shall *park or leave standing* any vehicle, whether attended or unattended, upon the paved, improved or main traveled portion of any highway, outside a business or residence district, *when it is practicable to park or leave such vehicle standing off such portion* of the highway; * * *.

(3) "*This section does not apply* to the driver of *any vehicle which is disabled while on the paved, improved or main traveled portion of a highway in such a manner and to such extent that it is impossible to avoid stopping and temporarily leaving the vehicle in such position,* * * *." (Emphasis added)

In this case there was evidence from which the jury could find that defendant Keith Yager, with his mother, defendant Eileen Yager, were coming down the Randolph Hill road "in the pickup truck when (he) heard the engine 'backfire' and 'die';" that he "tried restarting it but it wouldn't start so (he) coasted onto the North Bank Road," and "pulled off on the south side of the road," leaving approximately one-half of the rear end of the truck on the paved portion of that road, which was a two-lane paved road approximately 17 feet wide. There was also evidence from which the jury could have found that after the motor "quit" and after Keith Yager was unable to restart it, he

could have stopped and parked the truck either in the "Y" of the intersection of the road down Randolph Hill and the North Bank Road or that even after entering that road he could have run the truck off the road and parked it on a shoulder sufficiently wide so as to permit him to get it completely off the paved portion of the road. The jury could also have found from the evidence that Keith Yager chose instead to turn down the North Bank Road toward his home, "a long block" away, and that "what finally stopped (the) pickup" was that he ran out of momentum and that he then "just tried to roll as far off with what momentum (he) had left as (he) could."

Keith Yager and his mother then left the truck in that position and went to their home for a tractor to tow it away. Before returning some time later, defendant Jackson, while driving east on North Bank Road and in going around the pickup truck, went over the center line into the left lane of traffic, where he collided with plaintiff's Honda.

■ Defendants Yager contend that under these facts they did not "park" the pickup truck in violation of ORS 483.362 (1), for the reason that the term "park" means "the *voluntary* act of leaving a car on the main traveled portion of the highway when not in use," according to *Townsend v. Jaloff*, 124 Or 644, 649 (1928), and that, on the contrary, the pickup truck was "disabled," within the meaning of ORS 483.362 (3), as distinguished from "parked," for the reason that a vehicle is "disabled" when it cannot safely be moved under its own power, according to *Morris v. Fitzwater*, 187 Or 191, 196, 210 P2d 104 (1949). Based on this reasoning these defendants contended that there was no evidence that the pickup truck was "voluntarily"

left on the main traveled portion of the highway and that there was thus no evidence from which the jury could find that the truck was "parked" in violation of the statute.

In *O'Brien v. Dunigan*, 187 Or 227, 210 P2d 567 (1949), this court considered Section 115-353 OCLA (now ORS 483.362) and, at page 239, stated:

". . . By reverting to § 115-353, OCLA, it will be seen that it has application to two kinds of stopping that occur upon public highways outside of business and residential districts. The first type occurs 'when it is practicable to park or leave such vehicle standing off the paved or improved or main traveled portion.' That type is unlawful. The other kind occurs when a vehicle becomes 'disabled * * * to such extent that it is impossible to avoid stopping and temporarily leaving such vehicle in such position.' That type is permissible. Obviously, the difference in treatment does not hinge upon the synonym which one may employ for the word 'stop'; the section itself uses the words 'park' and 'leave standing' as equal in connotation."

■ It follows that if, in a particular case, there is evidence from which the jury could properly find that it was "practicable to park or leave such vehicle standing off the paved or improved or main traveled portion" of the highway, such a finding would, in effect, be a finding that the vehicle was "parked or left standing" in violation of ORS 483.362 (1). In our view, there was sufficient evidence in this case to support such a finding by the jury.

■ This is not inconsistent with the definition of "parking" as the "voluntary act of leaving a car on the main traveled portion of the highway when not in use," as stated in *Townsend v. Jaloff, supra*, in which this

court went on (at p 650) quote from another case in which it was stated that:

> "* * * there must be some reasonable excuse for stopping the car, and that a reasonable effort must be made to get it entirely off the main-traveled portion of the road, or as nearly so as the circumstances will permit."

This result is also entirely consistent with *Morris v. Fitzwater, supra,* in which this court held (at p 197) that where there was "a conflict of testimony whether or not plaintiff's car could have been parked entirely off the main traveled portion of the highway," it was a jury question whether or not this vehicle was "parked" contrary to the statute. Such was the holding of this court in that case despite defendant's contention that his vehicle was "disabled" when "suddenly, and without warning, the lights upon the vehicle became extinguished" and "the night was dark and the weather was stormy," so as to require him to stop the car on the shoulder of the highway, with its left rear wheel extending some 18 inches upon the paved portion.

■ As for the contention by defendants Yager that in this case the jury could not properly return a verdict in favor of plaintiff and against these defendants because the complaint alleged only that the truck was "parked" unlawfully, but did not allege that it was not "disabled" within the meaning of the statute, the simple answer is that since the exception relating to such "disabled vehicles" may provide a defense, depending upon the evidence, plaintiff was not required to anticipate or negative such a defense, but it was a matter to be pleaded, if at all, by defendants in their answer.

For these reasons the judgment for the plaintiff in this case must be affirmed.

McALLISTER, J., concurring.

I agree with the majority that the judgment should be affirmed. In addition to the evidence discussed in the opinion, there was also evidence that the Yager vehicle was left standing unattended in the spot where it came to rest for an unreasonable period of time. If it was not practicable to park the pickup off the main-traveled portion of the highway, then I think there was a duty on the part of the Yagers to arrange for its immediate removal from the roadway and in the meantime to also warn passing motorists of the danger. The jury could have found the Yagers liable for failure to take such reasonable precautions.