702

ALBERT DiMAURO & *a.* v. CITY OF MANCHESTER

December 28, 1973

*Emile R. Bussiere* and *Bernard V. Nardi, Jr. (Mr. Nardi* orally) for the plaintiffs.

*J. Francis Roche,* city solicitor, by brief and orally, for the defendant.

DUNCAN, J. The plaintiffs duly appealed by petition to the superior court from a decision of the tax commission denying an abatement of taxes for the year 1970 assessed upon property owned by them in Manchester. Thereafter they moved to amend their appeal to include a request for abatement of taxes upon the same properties for the year 1971, alleging compliance with the statutory prerequisites to a petition for abatement and denial of the same by the tax commission. Subject to the defendant's exception, the motion to amend was granted by *Flynn,* J. who reserved and transferred the exception to this court.

While the defendant correctly points out that RSA 76:17 under which the original appeal was taken provides for application to the superior court "by petition", the presentation of the second appeal by motion to amend was not so radical a departure from the statutory procedure as to require denial of the motion. RSA 514:8. The defendant argues that the alleged right to an abatement for the year 1970 is a separate

cause of action from the alleged right to an abatement of the 1971 tax. We need not quarrel with this proposition (*see Ainsworth v. Claremont*, 108 N.H. 55, 226 A.2d 867 (1967)), to reach the conclusion that the two causes of action could properly be found by the trial court to be capable of joinder in a single proceeding as a matter of convenience in trial. *See* RSA 491: App. R. 100 (Supp. 1972). So far as appears, and according to the allegations of the motion, the two appeals present consistent claims, between the same parties, with respect to the same properties, triable before the same tribunal, and in all probability with the same witnesses. *See* 1 Am. Jur. 2d *Actions* §§104-06, 109 (1962). Granting also, that the fair market values of the properties may have varied in the consecutive years involved, or that proportionality factors for those years may have differed, it does not follow that such differences cannot be adequately taken into account by the trier of the facts. *See* 2 A. Freeman, Judgments §851 (5th ed. 1925). Considerations of convenience and expense of trial may properly take precedence over ancient common-law technicalities relating to joinder of actions. *See* Fed. R. Civ. P. 18; 3A J. Moore, Federal Practice at 1801, and para. 18.02 (2d ed. 1970). The record discloses no abuse of the trial court's discretion.

*Exception overruled.*

All concurred.