JANET SUGUE, Plaintiff-Appellant, Cross-Appellee, *v.*
F. L. SMITHE MACHINE CO., INC., a corporation,
Defendant-Appellee, Cross-Appellant

NO. 5544

FEBRUARY 23, 1976

RICHARDSON, C.J., KOBAYASHI, OGATA,
MENOR AND KIDWELL, JJ.

*Per Curiam.* This is an interlocutory appeal by the plaintiff and cross interlocutory appeal by the defendant.

In a negligence and breach of warranty action filed by the plaintiff against the defendant (the manufacturer of the machine by which the plaintiff suffered her injuries) to recover damages for injuries suffered, the defendant filed a third-party complaint against the employer of plaintiff. The employer answered and raised the defense, inter alia, that the third-party complaint was barred by the workmen's compensation statutes of the State of Hawaii since its workmen's compensation insurance carrier paid workmen's compensation to plaintiff. Subsequently, the employer was dismissed as a third-party defendant, by stipulation, because of this court's opinion in *Kamali v. Hawaiian Electric Co.*, 54 Haw. 153, 504 P.2d 861 (1972).

In a bifurcated trial between plaintiff against defendant, to first determine liability, the jury returned special interrogatories finding as follows, notwithstanding the dismissal of the employer as a party litigant:

1. the defendant was negligent;
2. the defendant did not breach a warranty;
3. the defendant's negligence was a proximate cause of plaintiff's injury;
4. the plaintiff did not assume the risk of her injuries;
5. the plaintiff was negligent;

6. the plaintiff's negligence was not a proximate cause of the accident;

7. the employer was negligent;

8. the employer's negligence was a proximate cause of the accident;

9. as to each of the parties determined to have been negligent and whose negligence proximately caused the injury, the respective degree of fault of each is as follows:

  a. plaintiff    10%
  b. defendant   15%
  c. employer    75%

Because of inconsistent answers to special interrogatories by the jury, the trial court decided as a matter of mathematical computations not based on a factual finding based on the evidence, that the 10% degree of fault assigned by the jury to the plaintiff should be eliminated and redistributed between the defendant and the employer. The degree of fault assigned to the defendant by the court then became 17%.

Judgment on the negligence count in favor of the plaintiff in the amount of 17% of her total damages, and in favor of the defendant on the breach of warranty count was entered.

The trial court granted permission to the parties to file an interlocutory appeal.

In *Kamali, supra,* we held that HRS § 386-5[1] of our workmen's compensation law precludes a defendant in a tort action from obtaining contribution from an employer as a joint tortfeasor.

The plaintiff contends, inter alia, that the trial court misapplied the law of torts in this jurisdiction, generally, as well as the comparative negligence statute,[2] in admitting evidence

---

[1] HRS § 386-5 provides:

*Exclusiveness of right to compensation.* The rights and remedies herein granted to an employee or his dependents on account of a work injury suffered by him shall exclude all other liability of the employer to the employee, his legal representative, spouse, dependents, next of kin, or anyone else entitled to recover damages from the employer, at common law or otherwise, on account of the injury.

[2] ACT 227

A Bill for an Act Relating to Tort Actions Based on Negligence and Amending Chapter 663 — Hawaii Revised Statutes

of plaintiff's employer's negligence, which was not attributable to plaintiff, to diminish plaintiff's verdict.

In our opinion, in the light of our decision in *Kamali*, and the fact that our comparative negligence statute clearly confines the determination of comparative negligence only among the parties (litigants) to the proceeding, the trial court erroneously admitted into evidence plaintiff's employer's negligence to diminish plaintiff's verdict. The evidence in question and the special interrogatories relating to the negligence and degree of fault of the employer, a nonparty litigant, should not have been presented to the jury. Thus, without considering the other issues raised by the parties on appeal, we reverse and remand the case for a new trial.

*Harriet Bouslog (Bouslog & Symonds* of counsel) for plaintiff-appellant, cross-appellee.

*Christopher P. McKenzie (Gould & McKenzie* of counsel) for defendant-appellee, cross-appellant.

---

*Be It Enacted by the Legislature of the State of Hawaii:*

SECTION 1. Chapter 663 of the Hawaii Revised Statutes is amended by adding a new Part to be appropriately designated and to read as follows:

PART    . COMPARATIVE NEGLIGENCE

"Section 663. Contributory negligence no bar; comparative negligence; findings of fact and special verdicts. '(a) Contributory negligence shall not bar recovery in any action by any person or his legal representative to recover damages for negligence resulting in death or in injury to person or property, if such negligence was not as great as the negligence of the person against whom recovery is sought, but any damages allowed shall be diminished in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made.

'(b) In any action to which subsection (a) of this section applies, the court, in a nonjury trial, shall make findings of fact or, in a jury trial, the jury shall return a special verdict which shall state:

'(1) The amount of the damages which would have been recoverable if there had been no contributory negligence; and

'(2) The degree of negligence of each party, expressed as a percentage.

'(c) Upon the making of the finding of fact or the return of a special verdict, as is contemplated by subsection (b) above, the court shall reduce the amount of the verdict in proportion to the amount of negligence attributable to the person for whose injury, damage or death recovery is made, provided, however, that if the said proportion is equal to or greater than the negligence of the person against whom recovery is sought, then, in such event, the court will enter a judgment for the defendant.'"

SECTION 2. The provisions of this Act shall not be retroactive and shall affect only those claims accruing after its effective date.

(Approved July 14, 1969.)