MILLS,
*Appellant,*

*v.*

BROWN et al,
*Respondents.*

(16-82-04635; CA A37566)

726 P2d 384

A. J. Morris, and Hoffman, Morris, Giustina & Fox, Eugene, filed the briefs for appellant.

Michael H. Long, and Flinn, Brown & Roseta, Eugene, filed the brief for respondents.

Before Joseph, Chief Judge, and Van Hoomissen** and Young, Judges.

JOSEPH, C. J.

** Van Hoomissen, J., *vice* Gillette, J., pro tempore.

## JOSEPH, C. J.

Plaintiff was injured when his car was struck from behind by a car driven by Humphreys, who died about two months later. The other defendants (hereinafter defendants) are the driver and the owners of a truck which had stopped in the roadway after running out of gas and behind which plaintiff was stopped or was in the process of stopping when he was hit. Before trial, Humphreys' estate paid plaintiff $25,000 on a covenant not to sue.[1] The jury found that plaintiff's damages were $51,000, that defendants were 55 percent negligent and that plaintiff was 45 percent negligent. Because the amount already received from Humphreys' estate plus plaintiff's PIP benefits exceeded 55 percent of $51,000, judgment was entered for defendants. Plaintiff appeals, and we reverse.

Although plaintiff assigns several errors, one error is fundamental. ORS 18.470 provides, in part:

"Contributory negligence shall not bar recovery in an action by any person * * * to recover damages for * * * injury * * * if the fault attributable to the person seeking recovery was not greater than the combined fault of the *person or persons against whom recovery is sought,* but any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the person recovering." (Emphasis supplied.)

*Peterson v. Mult. Co. Sch. Dist. No. 1,* 64 Or App 81, 668 P2d 385, *rev den* 295 Or 773 (1983), was issued shortly before the trial in this case. It is a comparative negligence case in which the plaintiff cross-appealed, challenging the trial court's method of computing damages. We said:

"[P]laintiff argues, in essence, that his approach is more compatible with the objectives of the comparative fault statute in cases where there was a settlement with a joint tortfeasor, because the jury makes no finding about the settling tortfeasor's share of the fault for the total injury in such situations." 64 Or App at 95.

In *that* case, no issue was raised about whose faults are to be compared in the multi-party, partial settlement situation, and

---

[1] No judgment on the claim against Humphreys' estate was entered until after the verdict on the claims against defendants.

the quoted language, merely paraphrasing an argument, was not even *dictum*. The trial judge in *this* case apparently treated the language as a rule of law and refused to submit the issue of the comparative fault of Humphreys to the jury.

■     Although there is no point in speculating what the jury might have done had it been instructed to consider Humphreys' fault in bringing about plaintiff's injuries, it is inescapable that failure to submit that issue caused the jury to decide a case that was quite different than the one presented by the facts. Whatever his degree of fault, plaintiff did not simply have an encounter with defendants that produced his injury. He encountered defendants' vehicle, he reacted in some fashion and he was hit from behind by Humphreys. The causation issues that ought to have been decided by the jury are who did what to whom, who was to blame and how is any joint blame to be allocated. Once the jury had answered those questions, the court should have done any arithmetic the verdict might require. ORS 18.485; *see Stovall v. Perius,* 61 Or App 650, 661, 659 P2d 393, *rev den* 294 Or 792 (1983).

Whether the comparative negligence of Humphreys ought to have been decided by the jury is involved in six of the assignments of error. Those assignments also challenge the appropriateness of instructions in the light of the fact that they each raise questions about plaintiff's conduct *vis-a-vis* Humphreys, whose negligence the judge had taken out of the case. Those assignments are all posited on the proposition that "the uncontroverted evidence" is that plaintiff was "stopped" when the accident occurred.

■     The assignments fail for several reasons. First, there was evidence that plaintiff's car was still moving when Humphreys' car struck it; second, if he was "stopped," plaintiff established by his own testimony that no more than the briefest possible time had passed before he was struck. Finally, even though the instructions might well have been misunderstood or misapplied by the jury in the absence of Humphreys' fault being put in issue, on retrial instructions similar to those now challenged will be appropriate in putting all of the parties' comparative faults to the jury.

The remaining assignment of error is not likely to arise on retrial.

Reversed and remanded.