Argued and submitted March 4, reversed April 14, reconsideration denied
May 13, 1987

MILLS,
*Respondent on review,*

*v.*

BROWN et al,
*Petitioners on review.*

(CC 16-82-04635; CA A37566; SC S33398)

735 P2d 603

Michael H. Long, of Flinn, Brown & Roseta, Eugene, argued the cause and filed the petition for petitioners on review.

A. J. Morris, of Hoffman, Morris, Giustina & Fox, Eugene, argued the cause and filed a response for respondent on review.

Before Peterson, Chief Justice, and Lent, Linde, Campbell, Carson and Jones, Justices.

JONES, J.

**JONES, J.**

This is a personal injury action arising out of a three-vehicle accident. The issue is whether Oregon's comparative fault statutes, ORS 18.470 and 18.480, require that the fact-finder consider the fault of persons not in the case when making the comparative fault determination.

Plaintiff was injured when his car was struck from behind by a car driven by John Earnest Humphreys. Humphreys died four months later from heart failure unrelated to the accident. Plaintiff commenced an action against the estate of Humphreys and the driver and owners of a truck which had stopped on the roadway after running out of gas. Plaintiff was stopped or was in the process of stopping behind the truck when his car was struck from behind by Humphreys' vehicle and forced into the stalled truck operated by defendant Bruce Dwain Brown and owned by defendant Ed Cox Plaster & Drywall, Inc.

Before trial, Humphreys' estate settled with plaintiff for $25,000 on a covenant not to sue. The jury found that plaintiff's damages were $51,000 and that plaintiff, as well as the remaining defendants, were at fault. The jury set plaintiff's fault at 45 percent and the remaining defendants' fault at 55 percent. The trial court had instructed the jury not to consider any fault on the part of Humphreys in reaching its decision, because Humphreys' estate had settled with plaintiff prior to trial. Because the amount received from Humphreys' estate and plaintiff's PIP benefits exceeded 55 percent of $51,000, the trial court entered judgment for the remaining defendants.

On plaintiff's appeal, the Court of Appeals reversed the trial court, holding that it was error to instruct the jury not to consider any fault of Humphreys in making the comparative fault analysis. Defendants petitioned for review to this court, challenging this holding by the Court of Appeals. We reverse the Court of Appeals and reinstate the trial court judgment for defendants.

ORS 18.470 provides:

"Contributory negligence shall not bar recovery in an action by any person * * * to recover damages for * * * injury * * * if the fault attributable to the person seeking recovery

was not greater than the combined fault of the person or persons against whom recovery is sought, but any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the person recovering. * * *"

ORS 18.480 provides:

"(1)  When requested by any party the trier of fact shall answer special questions indicating:

"(a)  The amount of damages to which a party seeking recovery would be entitled, assuming that party not to be at fault;

"(b)  The degree of each party's fault expressed as a percentage of the total fault attributable to all parties represented in the action.

"(2)  A jury shall be informed of the legal effect of its answer to the questions listed in subsection (1) of this section."

The Court of Appeals reasoned that the failure to submit Humphreys' fault

"caused the jury to decide a case that was quite different than the one presented by the facts. Whatever his degree of fault, plaintiff did not simply have an encounter with defendants that produced his injury. He encountered defendants' vehicle, he reacted in some fashion and he was hit from behind by Humphreys. The causation issues that ought to have been decided by the jury are who did what to whom, who was to blame and how is any joint blame to be allocated. Once the jury had answered those questions, the court should have done any arithmetic the verdict might require. [Citations omitted.]" *Mills v. Brown*, 81 Or App 458, 46, 762 P2d 384 (1986).

■    We disagree with the Court of Appeals' interpretation of ORS 18.470. We interpret that statute as addressing itself only to those persons against whom recovery is sought when the case is submitted to the trier of fact for comparison of fault. The statutory scheme of comparative fault restricts the jury or judge, as the fact-finder, to consideration only of the fault of the parties before the court at the time the case is submitted to the fact-finder for a verdict or decision.

ORS 18.470 was first adopted by the Oregon legislature in 1971. Or Laws 1971, ch 668, § 1. At that time, the statute required a comparison of the plaintiff's fault to the fault of the "person against whom recovery is sought."

Although the legislature failed to define "the person against whom recovery is sought," there is nothing in the legislative history of the original ORS 18.470 (HB 1343) that would suggest any intent on the part of the legislature to have the trier of fact compare the fault of any persons other than the plaintiff and the person against whom the plaintiff sought recovery in court.

In 1975, the legislature enacted ORS 18.480, specifically requiring that the comparison under ORS 18.470 be stated in terms of "each *party's* fault expressed as a percentage of the total fault attributable to all parties represented in the action." (Emphasis added.) The legislature also adopted ORS 18.455 governing the effects of settlements with less than all tortfeasors.[1] Nothing in these changes would indicate any intent by the legislature to have the trier of fact consider the fault of anyone not a party to the action when making a comparative fault analysis under ORS 18.470. However, the legislature did not clarify what would happen if a party defendant in an action settles before the comparative fault issue is submitted to the trier of fact.

Plaintiff complains that a rule requiring a court or jury apportioning fault in a tort case to consider only the fault of the parties before the court at the time the case is submitted for a verdict or decision is inconsistent with the scheme of comparative fault adopted by the Oregon legislature. Plaintiff also contends that such a rule is not required by the language of the statute. But the language of the statute does not clearly require inclusion of all parties originally named as defendants, whether or not they are parties to the litigation at the time the

---

[1] ORS 18.455 provides:

"(1) When a covenant not to sue or not to enforce judgment is given in good faith to one of two or more persons liable in tort for the same injury or the same wrongful death or claimed to be liable in tort for the same injury or the same wrongful death:

"(a) It does not discharge any of the other tortfeasors from liability for the injury or wrongful death unless its terms so provide; but it reduces the claim against the others to the extent of any amount stipulated by the covenant, or in the amount of consideration paid for it, whichever is greater; and

"(b) It discharges the tortfeasor to whom it is given from all liability for contribution to any other tortfeasor.

"(2) When a covenant described in subsection (1) of this section is given, the claimant shall give notice of all of the terms of the covenant to all persons against whom the claimant makes claims."

case is submitted to the court or jury for decision. The "plain language" of the statute does not resolve the conflict either way.

According to the minutes of the Senate Judiciary Committee dated May 14, 1971, Oregon's original comparative fault statute was modeled after a similar statute which had been in effect in Wisconsin since 1931. At that time, there were several Wisconsin court decisions interpreting the statute. However, the minutes show no discussion of those decisions before the comparative fault bill was passed.[2]

Since 1934, the Wisconsin court has adopted a *comparative causation* approach to the issue before us, holding that the plaintiff's percentage of negligence should represent the plaintiff's proportion of the total "causal negligence" responsible for causing the injury. As a result, in order to compute the plaintiff's correct percentage of causal negligence, that court holds that the trier of fact must determine the causal negligence of all participants in the transaction, whether or not they are parties to the action.[3]

---

[2] The minutes reflect that Mr. Art Johnson testified

"that a number of states had adopted comparative negligence. While the form in other states varied widely, the bill under consideration was probably the most conservative form of this type of legislation and was modeled after the Wisconsin law. It provided that if a person was more than 50% at fault, he would be barred. Adoption of this principle in other states, and particularly in Wisconsin, did not appear to cause any underwriting problem nor to change in any significant way the insurance rates for automobile liability coverage.

"Mr. Johnson indicated that in a case before the Supreme Court in March of 1970, the Court in effect suggested that the question of adoption of the rule of comparative negligence would probably be before the legislature at this session and if not received favorably, the Court indicated it might be willing to look at the question again.

"Chairman Yturri asked how long the Wisconsin law had been in effect and was told by Mr. Johnson that it covered a period of nearly 50 years. He added that about 14 states had adopted the law, among them Maine, Minnesota, Nebraska, Georgia and Mississippi." Minutes, Senate Judiciary Committee, May 14, 1971 (testimony of Art Johnson).

[3] *See Connar v. West Shore Equipment of Milwaukee,* 68 Wis 2d 42, 227 NW2d 660 (1975) (A jury, in apportioning negligence, must consider negligence of all parties to the transaction, whether or not they are parties to the action, and whether or not they can be held liable to plaintiff or to other tortfeasors either by operation of law or because of prior relief.); *Payne v. Bilco Co.,* 54 Wis 2d 345, 195 NW2d 641 (1972) (Where plaintiff has settled with some defendants and given them releases, it is error not to include such defendants in the special verdict for purposes of comparing negligence. Failure to include such defendants was prejudicial to the defendants who did not settle.); *Pierringer v. Hoger,* 21 Wis 2d 182, 124 NW2d 106 (1963) (Failure to

In 1975, the Oregon legislature deleted from ORS 18.470 the phrase, "such negligence [of plaintiff] contributing to the injury." Or Laws 1975, ch 599, § 1. The import of this change was addressed by this court in *Sandford v. Chev. Div. Gen. Motors,* 292 Or 590, 606, 642 P2d 624 (1982). In that opinion, Justice Linde wrote for the court:

> "ORS 18.470, *supra,* by its terms applies whenever 'the fault attributable to the person seeking recovery was not greater than the combined fault of the person or persons against whom recovery is sought.' If there was such fault, 'any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the person recovering.' There is no reference to causation, or to any question how much the fault of each contributed to the injury. Indeed, the reference to negligence 'contributing to the injury' in former ORS 18.470 was removed in the 1975 amendment. We do not mean that the allegedly faulty conduct or condition need not have affected the event for which·recovery is sought; as we have said, it must have been a cause in fact. But the statute does not call for apportioning damages by quantifying the contribution of several causes that had to coincide to produce the injury.

> "Rather, ORS 18.470 falls within the first of the different approaches that we have reviewed. It calls upon the factfinder to assess and quantify fault. * * *"

In *Sandford,* this court specifically held that under the 1975 version of ORS 18.470, the comparison of fault intended by the legislature was not a comparison of causation. This court's interpretation of ORS 18.470 eliminates the rationale provided in the Wisconsin decisions for including all

include in the apportionment question the causal negligence of the settling respondents would, because of the releases necessary, be prejudicial to the nonsettling appellant.); *Walker v. Kroger Grocery and Baking Co.,* 214 Wis 519, 252 NW 721 (1934) (In order to compute plaintiff's percentage of negligence correctly, the trier of fact must determine the causal negligence of all participants in the transaction, whether or not they are parties to the lawsuit.); *but see also Reiter v. Dyken,* 95 Wis 2d 461, 290 NW2d 510 (1980) (Wisconsin Supreme Court was critical of the individual comparison rule being applied in Wisconsin to determine comparative negligence, but believed that the legislature was better equipped to make the necessary changes).

Wisconsin's approach to tort recovery has been followed in some other states (*see, e.g., Pocatello Industrial Park Co. v. Steel West, Inc.,* 101 Idaho 783, 621 P2d 399 (1980); *Brown v. Keill,* 224 Kan 195, 580 P2d 867 (1978); *Frey v. Snelgrove,* 269 NW2d 918 (Minn 1978); *Lines v. Ryan,* 272 NW2d 896 (Minn 1978); *City of Willison v. Donald Hackney,* 276 NW2d 113 (ND 1979); *Heckdorn v. Consolidated Rail Corporation,* 502 Pa 101, 465 A2d 609 (1983).

tortfeasors in the comparative fault comparison because the percentages of fault assigned to the plaintiff and to the persons against whom recovery is sought may be calculated without reference to the conduct of any other tortfeasors. As a result, the Wisconsin rationale which holds that a proper allocation of causal negligence cannot be obtained unless the jury allocates negligence among all tortfeasors whether or not they are parties to the action does not apply in Oregon.

The 1975 legislature changed "person against whom recovery is sought" to read "the combined fault of the person or persons against whom recovery is sought." The legislative action also rejects Wisconsin's individual comparison rule in favor of comparing a plaintiff's fault to all the defendants "represented at" trial. Oregon's comparative fault law was further distinguished from Wisconsin's in 1975 when the legislature adopted ORS 18.480. That statute specifically requires the jury to determine each "party's" degree of fault as a percentage of the "total fault attributable to all parties represented in the action."[4] Wisconsin has never had a statute similar to ORS 18.480. That statute is in direct conflict with Wisconsin's practice of requiring the trier of fact to assess percentages of causal negligence to persons who are not parties at trial and who are not represented in the action.

In sum, Wisconsin's tort system of allocating negligence in multiple party situations where the plaintiff is contributorily negligent is much different from Oregon's comparative fault statutes. The Wisconsin court decisions are inapplicable to interpretation of ORS 18.470 and 18.480.

We infer that the legislature intended to include in a comparative fault analysis only a person still a party at the time the fact-finder makes the comparative fault decision. Because ORS 18.480 expressly provides that when requested by a party, "the trier of fact shall answer special questions indicating * * * the degree of each parties' fault expressed as a

---

[4] As noted in *Sandford v. Chev. Div. Gen. Motors,* 292 Or 590, 609, 642 P2d 624 (1982), the present problem was created by the statutory fiction in ORS 18.480 that different types of fault of several persons collectively add up to 100 percent of "the total fault." If that formula were repealed and ORS 18.470 stood alone, a fact-finder who found that plaintiff's injury was not predominantly his or her own fault would thereafter only reduce plaintiff's recovery in proportion to plaintiff's fault.

percentage of the total fault attributable *to all parties represented in the action,*" a once-named party who settles a case prior to or during a trial is no longer a party in the action. (Emphasis added.)

■ Under ORS 18.455, a person who settles with a plaintiff under a covenant not to sue is discharged from all further liability to the plaintiff and from all liability for contribution to any other tortfeasor. We conclude that anyone who settles with the plaintiff under a covenant not to sue does not qualify "as a person against whom recovery is sought" as described in ORS 18.470 nor as a "party" mentioned in ORS 18.480.

The states of Nevada, Colorado, Hawaii and New Hampshire have comparative fault statutes which are similar to ORS 18.470. The courts of those states have held that the jury should compare the fault of the plaintiff against only those defendants represented at trial. *See Warmbrodt v. Blanchard,* 100 Nev 703, 692 P2d 1282 (1984) (in malpractice action against accountants and attorneys, once trial court determined that the attorneys could not be held liable, it was error to submit the question of their negligence to the jury under the comparative negligence statute); *National Farmers Union Property Casualty Co. v. Frackleton,* 662 P2d 1056 (Colo 1983) (comparison of fault can be made only between parties to the tort action not including absent tortfeasors); *Sugue v. F.L. Smithe Machine Co., Inc.,* 56 Hawaii 598, 546 P2d 527 (1976) (trial court erroneously admitted into evidence plaintiff's employer's (a nonparty) negligence to diminish plaintiff's verdict); *see also Mihoy v. Proulx,* 113 NH 702, 313 A2d 728 (1973). However, we do not need to decide this case by relying on these out-of-state decisions. We rely on our own interpretations of the language of the Oregon statutes to include for comparative fault decision only those parties still in the case at the time the issue of fault is submitted to the fact-finder.

Plaintiff originally appealed this case to the Court of Appeals, making seven assignments of error. The Court of Appeals disposed of them as follows:

"Whether the comparative negligence of Humphreys ought to have been decided by the jury is involved in six of the assignments of error. Those assignments also challenge the appropriateness of instructions in the light of the fact that

they each raise questions about plaintiff's conduct *vis-a-vis* Humphreys, whose negligence the judge had taken out of the case. Those assignments are all posited on the proposition that 'the uncontroverted evidence' is that plaintiff was 'stopped' when the accident occurred.

"The assignments fail for several reasons. First, there was evidence that plaintiff's car was still moving when Humphreys' car struck it; second, if he was 'stopped,' plaintiff established by his own testimony that no more than the briefest possible time had passed before he was struck. * * *

"The remaining assignment of error is not likely to arise on retrial." 81 Or App at 461.

The Court of Appeals correctly disposed of plaintiff's first six assignments, but did not address the seventh assignment because that court decided to give plaintiff a new trial.

■ Having prevailed in obtaining a new trial in the Court of Appeals, plaintiff did not petition for review, but in failing to do so he did not waive our consideration of his original assignments of error. ORAP 10.05.

Plaintiff's seventh assignment of error was that the trial court erred in instructing the jury on the "disabled vehicle exception" as set forth in ORS 487.490, claiming that defendants were required to plead that exception in their answer as an affirmative defense.

■ The trial court first instructed the jury based on ORS 487.575 that

"a person who stops, parks, or leaves standing a vehicle whether attended or unattended upon a roadway when it is practicable to stop, park or leave his vehicle standing off the roadway commits the offense of unlawful parking on the roadway."

Then, following ORS 487.590, the trial court instructed the jury that

"The law further provides that it is not a violation of Oregon Law for a person to stop, park or leave standing a vehicle on a roadway if a vehicle is disabled in such a manner and to such extent that the driver cannot avoid stopping or temporarily leaving the disabled vehicle on the roadway."

These instructions were not erroneously given. The instructions were relevant to allegations of negligence against

the remaining defendants, Brown and Ed Cox Plaster & Drywall, Inc. Defendants had no obligation to plead the so-called "disabled vehicle exception" as an affirmative defense in response to plaintiff's allegation that they were negligent for violating ORS 487.575.

In *Dixon v. Jackson,* 256 Or 525, 530, 474 P2d 522 (1970), this court observed:

> "As for the contention by the defendants Yager that in this case the jury could not properly return a verdict in favor of the plaintiff and against these defendants because the complaint alleged only that the truck was 'parked' unlawfully, but did not allege that it was not 'disabled' within the meaning of the statute, the simple answer is that since the exception relating to the 'disabled vehicles' may provide a defense, depending on the evidence, plaintiff was not required to anticipate or negative such a defense, but it was a matter to be pleaded, *if at all,* by defendants in their answer." (Emphasis added.)

The statement in *Dixon* merely stated that the "disabled vehicle exception" might have to be pleaded, using the expression, "if at all." The answer is that the exception need not be pleaded by the defense at all. Therefore, plaintiff is not entitled to relief on any of his seven assignments of error.

The Court of Appeals is reversed, and the judgment of the trial court is reinstated.