Argued and submitted May 13, affirmed June 8, petition for review allowed
October 4, 1994 (320 Or 270)

A. J. DAVIS,
by and through
Lorie Davis-Toepfer,
Special Conservator,
*Appellant,*

*v.*

Steven O'BRIEN
and Nancy O'Brien,
doing business under the assumed name
O'Brien & Sons Logging,
*Respondents.*

(911478; CA A79007)

875 P2d 1193

Michael B. Brink argued the cause for appellant. With him
on the briefs was Weatherford, Thompson, Quick & Ashen-
felter, P.C.

Joel S. DeVore argued the cause for respondents. With him on the brief was Luvaas, Cobb, Richards & Fraser, P.C.

Before Rossman, Presiding Judge, and Leeson and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiff appeals a judgment that accorded with the jury's allocation of proportionate fault under ORS 18.480. Because plaintiff failed to assert and preserve any error regarding the jury's consideration and apportionment of defendants' fault in relation to the fault of a joint tortfeasor with whom plaintiff had previously settled, we affirm.

The nature of our disposition requires a somewhat lengthy description of the procedural evolution of this case:[1] Plaintiff was injured when a car driven by his grandmother, Eunice Holt, collided with a log truck owned by defendants. Holt died in the collision. After the accident and before filing any action, plaintiff settled with Holt's estate for $100,000. Plaintiff then sued defendants, who answered asserting, *inter alia*, Holt's fault in causing the accident. Defendants did not, however, implead Holt's estate.[2]

Plaintiff did not move to strike defendants' allegations of Holt's fault. Before trial, plaintiff filed a motion *in limine* to exclude evidence of, and arguments about, Holt's fault. Plaintiff argued that *Mills v. Brown*, 303 Or 223, 735 P2d 603 (1987), precluded the jury's consideration of such evidence and arguments. The trial court denied the motion *in limine*, and plaintiff does not assign that denial as error on appeal.

At trial, defendants' case focused on Holt's alleged proportionate fault in causing plaintiff's injuries. They presented extensive evidence of Holt's fault, and defense counsel's arguments to the jury emphasized Holt's fault. At defendants' request, the jury was instructed that it could consider and determine both defendants' and Holt's proportionate fault. In accordance with those instructions, the jury received a special verdict form directing it to fix defendants' and Holt's proportionate fault, with the percentages to total

---

[1] Our description of the procedural posture is greatly simplified. In particular, it omits as immaterial to our disposition any discussion of the claims of plaintiff's sister, Tiara, which were combined with plaintiff's claims and which were settled before trial.

[2] Defendants' allegations regarding Holt's fault were set out in their answer to the second amended complaint, which was defendants' final responsive pleading before the case was submitted to the jury.

100 percent. *See* ORS 18.480.[3] Plaintiff did not except to those jury instructions or to the verdict form and does not assign as error either the giving of those instructions or the submission of the "proportionate fault" verdict form.

The jury fixed Holt's fault at 96.5 percent and defendants' fault at 3.5 percent and found plaintiff's total damages to be $194,125. Defendants submitted a form of judgment directing that plaintiff recover $6,794.38 (3.5 percent of $194,125) from defendants. Plaintiff objected to this proposed form of judgment, arguing that *Mills v. Brown, supra,* precluded a reduction of defendants' liability based on the proportionate fault of a settling joint tortfeasor. Consequently, plaintiff submitted alternative forms of judgment, both of which had the effect of crediting the amount of plaintiff's settlement with the Holt estate ($100,000) against the jury's total damages award, yielding a principal judgment of $94,125. The trial court entered judgment as proposed by defendants.

Plaintiff's assignment of error reads:

"The Trial Court erred by entering judgment comparing the fault of Defendants O'BRIEN with a non-party rather than with Plaintiff A.J. DAVIS."

We emphasize what this assignment does *not* do. It does not challenge the trial court's denial of plaintiff's motion *in limine* pertaining to defendants' presentation of evidence of Holt's fault and defendants' "proportionate fault" jury arguments based on that evidence. Nor does the assignment challenge the legal sufficiency or propriety of: (1) the instructions directing the jury to fix both Holt's and defendants' percentages of fault; or (2) the verdict form to the same effect. In sum, plaintiff has failed to preserve or assign as error the predicates for the jury's determination of proportionate fault under ORS 18.480.

---

[3] ORS 18.480 reads, in part:

"(1) When requested by any party the trier of fact shall answer special questions indicating:

"(a) The amount of damages to which a party seeking recovery would be entitled, assuming that party not to be at fault;

"(b) The degree of each party's fault expressed as a percentage of the total fault attributable to all parties represented in the action."

Plaintiff's assignment of error at most challenges the trial court's entry of defendants' proposed form of judgment and its failure to enter either of plaintiff's proposed forms of judgment.[4] This, in turn, reduces to an argument that notwithstanding the jury's apportionment of defendants' fault under ORS 18.480—an apportionment plaintiff does not challenge on appeal—the trial court was somehow obliged to enter a judgment at variance with that apportionment.

Plaintiff's argument smacks of barring the door after the horse has bolted. Having failed to object and assign error to the jury's consideration of Holt's fault in determining defendants' proportionate fault under ORS 18.480, plaintiff cannot now assert that the trial court should have disregarded that determination in entering judgment.[5]

Affirmed.

---

[4] We note, parenthetically, that plaintiff's assignment of error quoted above does not comply with the requirements of ORAP 5.45(4), in that it does not set out verbatim the specific ruling that is being challenged. However, when read in the context of the briefing as a whole, the substance of plaintiff's assignment is clear. Moreover, because plaintiff's abstract of record is comprehensive, we have not been obliged to "search for the pertinent portion of the record in which the matter complained of appears." *See* ORAP 5.45(3); ORAP 5.50(5).

[5] Because of the posture of this appeal, we do not decide whether a jury may properly determine the proportionate fault of a settling or otherwise "absent" tortfeasor under ORS 18.480. Our resolution of the parties' provocative arguments concerning the effect of the 1987 "tort reform" amendments, including ORS 18.485, and the continuing vitality of *Mills v. Brown, supra,* awaits another day.